IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **ROLAND LOPEZ** | § | |
| | § | |
| **V.** | § | A-20-CV-1067-RP |
| | § | |
| **BOBBY LUMPKIN**[1] | § | |

# ORDER

Before the Court are Petitioner Roland Lopez's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in which he challenges his conviction in cause number D-1-DC-97-971383 out of Travis County, Texas and his response to the Court's order to show cause. Petitioner paid the full filing fee for this case. For the reasons set forth below, the undersigned dismisses as time-barred Petitioner's Petition for Writ of *Habeas Corpus*.

Petitioner was convicted of aggravated assault with a deadly weapon, and on October 24, 1997, was sentenced to 40 years' imprisonment. The Third Court of Appeals affirmed Petitioner's conviction on October 22, 1998. *Lopez v. State*, No. 03-97-00836-CR, 1998 WL 733059 (Tex. App. – Austin 1998, no pet.). Petitioner challenged his conviction in two state applications for habeas corpus relief. Petitioner asserts he filed his first application on December 9, 1999. On March 23, 2001, the Texas Court of Criminal Appeals denied it without written order on the findings of the trial court without a hearing. *Ex parte Lopez*, No. 48,679-01. Petitioner executed his second application

---

[1] The previous named respondent in this action was Lorie Davis. Bobby Lumpkin succeeded Davis as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Lumpkin is automatically substituted as a party.

on June 1, 2020.  The Court of Criminal Appeals dismissed it as successive on August 19, 2020.

*Ex parte Lopez*, No. 48,679-02.

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  *See* 28 U.S.C. § 2244(d).  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final, at the latest, on November 21, 1998, at the conclusion of time during which he could have filed a timely petition for discretionary review with the Texas Court of Criminal Appeals, which according to Tex. R. App. R. 68.2, is 30 days following the court of appeals' judgment affirming his conviction.  *Gonzalez v. Thaler*, 623 F.3d 222 (5th Cir. 2010) (holding a conviction becomes final when the time for seeking further direct review in the state court expires). Petitioner's state applications did not operate to toll the limitations period, because they were both filed after the limitations period had expired.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).  Therefore, Petitioner had until November 21, 1999, to timely file his

federal application. Petitioner did not execute his federal application until September 4, 2020, nearly 21 years after the limitations period expired.

Petitioner alleges no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). In his response to the Court's order to show cause Petitioner vaguely alleges he was in transit on multiple occasions and during periods of transit he was without his legal work. Petitioner fails to specify the time periods in which he was in transit or show that he pursued his rights diligently. In addition, the record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

It is therefore **ORDERED** that the Petition for Writ of Habeas Corpus, filed by Petitioner Roland Lopez is **DISMISSED WITH PREJUDICE** as time-barred. A certificate of appealability is **DENIED**.

**SIGNED** on December 14, 2020.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE